

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **TRAVIS WILBANKS HAZLEWOOD,** | § § § § | CASE NO. 05-44265-DML-11 |
| **Debtor.** | | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
THIRD AMENDED MOTION FOR DETERMINATION THAT THE PLAN
MODIFICATIONS DO NOT ADVERSELY AFFECT ANY ACCEPTING CREDITOR
THAT HAS NOT ACCEPTED THE MODIFICATIONS IN WRITING**

Came on for consideration, the Third Amended Motion for Determination that the Plan Modifications Do Not Adversely Affect Any Accepting Creditor That Has Not Accepted the Modifications in Writing (the "Motion") filed by the Debtor on August 10, 2006, the Errata to the Third Amended Plan Modification filed on August 14, 2006, the stipulation by and between the Debtor and Chesapeake Exploration, L.P. (the "Stipulation") and the modifications offered by Debtor throughout the Confirmation Hearing prior to the Debtor's closing of its case in chief on August 15, 2006, (collectively the "Modifications"). The Court, after noting that due notice has been

given to all parties in interest at the Confirmation Hearing and after the consideration of the evidence submitted and the arguments of counsel during the confirmation hearing begun on August 14, 2006 and concluded on August 15, 2006, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Adequate information was contained in the original disclosure statement in this case as set forth in Section 1125 of the Code.

2. The First Amended Plan was not modified in such a manner that either classification or treatment of any creditor was materially altered in an adverse manner.

3. TheModifications do not cause a material change to the treatment of any class of creditors or interests who voted on the First Amended Plan and who have not changed their ballots.

4. Notice sent to the twenty (20) largest creditors and those requesting notice is sufficient notice for modifications that do not cause a material adverse change to the treatment of creditors or interest holders.

## CONCLUSIONS OF LAW

1. The First Amended Plan as modified does not violate Sections 1122 and 1123 of the Code.

2. The First Amended Plan as modified meets all of the requirements of Section 1129 of the Code.

3. The Debtor met the qualifications of Section 1125 of the Code by virtue of the original disclosure statement.

4. All creditors and interest holders who voted in favor of the First Amended Plan are deemed to have accepted the Third Amended Modifications.

### ### END OF ORDER ###

**FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 2 of 3**

OCT 0 2 2006

Submitted By:

E. P. Keiffer
HANCE SCARBOROUGH WRIGHT
GINSBERG & BRUSILOW, LLP
The Elm Place Building
1401 Elm Street, Suite 4750
Dallas, TX 75202
Phone: (214) 651-6500
Fax:    (214) 744-2615

ATTORNEYS FOR THE DEBTOR